UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:18-cv-00354-FDW

| | |
|---|---|
| TERRANCE JAVARR ROSS, | ) |
| Petitioner, | ) |
| vs. | ) ORDER |
| MIKE SLAGLE, | ) |
| Respondent. | ) |

THIS MATTER is before the Court on Petitioner's Motion for Discovery (Doc. No. 2) and Motion to Appoint Counsel (Doc. No. 5). In his motion for discovery, which concerns the instant action for relief under 28 U.S.C. § 2254, Petitioner contends the State allegedly failed "to issue a writ" and "to dismiss charges" within the allowable time frame for two cases in state court in violation of his due process rights. (Doc. No. 2, p. 2.) His motion requests "all writs" issued for charges 09CRS53906 and 09CRS53907 from October 14, 2010, to April 13, 2011, as well as the transcript for the hearing in 08CRS738 held in Cleveland County Superior Court, North Carolina, on June 22, 2009. (Doc. No. 2, pp. 2-3.) Petitioner also requests this Court appoint counsel in this matter.

Turning first to the motion for discovery, unlike a traditional civil litigant, a habeas petitioner is not entitled to discovery as a matter of course. Bracy v. Gramley, 520 U.S. 899, 904 (1997). In a § 2254 action, a petitioner may engage in discovery only with leave of the court, after having demonstrated good cause for the discovery he requests. Rules Governing § 2254 Cases in the United States District Courts, Rule 6(a). "Good cause" for discovery exists when "a petition for habeas corpus . . . establishes a prima facie case for relief[.]" Harris v. Nelson, 394 U.S. 286,

290 (1969). Specifically, discovery is warranted, "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, 520 U.S. at 908–09 (quoting Harris, 394 U.S. at 300) (internal quotation marks omitted); see also Quesinberry v. Taylor, 162 F.3d 273, 279 (4th Cir. 1998) (observing that Bracy approved the Harris standard).

The Court fails to discern, and Petitioner fails to explain, how the purported discovery he seeks is necessary for the resolution of this action. Accordingly, Petitioner fails to demonstrate good cause to warrant discovery at this time.

Turning to the Motion to Appoint Counsel, there is no constitutional right to counsel in a § 2254 proceeding. Crowe v. United States, 175 F.2d 799 (4th Cir. 1949). Rules 6(a) and 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts mandate the appointment of counsel when discovery is necessary or if the matter proceeds to an evidentiary hearing. Id., 28 U.S.C.A. foll. § 2254. The Court also has discretion to appoint counsel to financially eligible persons in a § 2254 action upon finding that "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

After reviewing the record before it, the Court concludes that, at this point, Petitioner has not shown circumstances demonstrating the need for appointment of counsel. As such, Petitioner's Motion for Appointment of Counsel will be denied.

IT IS THEREFORE ORDERED that the Motion for Discovery (Doc. No. 2) and Motion for Appointment of Counsel (Doc. No. 5) are DENIED.

IT IS SO ORDERED.

Signed: September 23, 2019

Frank D. Whitney
Chief United States District Judge