UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-00354-FDW

| | |
|---|---|
| TERRANCE JAVARR ROSS, )<br>*also known as* TERRENCE JAVARR ROSS, )<br> )<br>Petitioner, )<br> )<br>vs. )<br> )<br>MIKE SLAGLE, )<br> )<br>Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court upon initial review of pro se Petitioner Terrance Javarr Ross's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. Nos. 1, 3, 4.) Also before the Court are Petitioner's Motion to Allow Newly Discovered Evidence (Doc. No. 6) and "Request Motion to Allow Newly Discovered Evidence" (Doc. No. 7).

I.  BACKGROUND

Petitioner is a prisoner of the State of North Carolina who was convicted after a jury trial in Cleveland County Superior Court of attempted bribery of a juror, felony obstruction of justice, and solicitation to commit bribery of a juror and, following a motion to dismiss, pled guilty to attaining the status of an habitual felon. The trial court sentenced Petitioner to three concurrent sentences of 120 to 153 months imprisonment for each of the convictions. Judgment was entered July 7, 2011. State v. Ross, 727 S.E.2d 370 (N.C. Ct. App. 2012).

On appeal, Petitioner argued that the trial court (1) lacked jurisdiction to accept his habitual felon guilty plea; (2) erred in permitting the State to proceed on the habitual felon indictment; and (3) erred in denominating attempted bribery of a juror as a Class F felony. In an

1

opinion issued on June 5, 2012, the North Carolina Court of Appeals ("NCCOA") upheld the three criminal convictions but vacated Petitioner's habitual felon guilty plea because the trial court did not have jurisdiction over the habitual felon charge. The court vacated the case and remanded it to the trial court for resentencing and for reclassification of attempted bribery of a juror as a Class G felony. See id.

The trial court entered new judgments on April 18, 2013, sentencing Petitioner to consecutive terms of 21 to 26, 15 to 18, and 15 to 18 months imprisonment, The judgment required that Petitioner's sentences run consecutive to all other sentences he was then obligated to serve. State v. Ross, 762 S.E.2d 531 (NC Ct. App. 2014) (unpublished). Petitioner appealed, and on June 17, 2014, the NCCOA issued an opinion finding no error in the judgment. Id. Petitioner did not seek discretionary review of the NCCOA's opinion in the North Carolina Supreme Court.

On January 19, 2018, Petitioner filed a motion for appropriate relief ("MAR") in the trial court, claiming that the State violated his right to due process by failing to comply with N.C. Gen. Stat. § 15A-711 and violated his rights under the Double Jeopardy Clause. The trial court denied Petitioner's MAR on January 21, 2018. See Am. § 2254 Pet. (Doc. No. 1) at 4. Petitioner then filed a petition for writ of certiorari ("PWC") in the NCCOA, which was dismissed without prejudice to Petitioner refiling it with adequate supporting documents. See NCCOA Sept. 28, 2018 Order on PWC (Doc. No. 1 at 66). Instead of refiling his PWC with supporting documents, Petitioner filed a petition for writ of habeas corpus ("PHC") in the NCCOA, which was denied on October 31, 2018. See Oct. 31, 2018 Order on PHC, State v. Ross, P18-665 (NC. Ct. App.), Dock. Entry 2.[1]

---

[1] N.C. Judicial Branch, Court of Appeals, https://www.nccourts.gov/courts/court-of-appeals,

Petitioner filed the instant § 2254 Petition on December 7, 2018, when he placed it in the prison mail system. He claims the State violated his right to due process by failing to comply with N.C. Gen. Stat. § 15A-711 and that his 2011 trial violated the Double Jeopardy Clause.

Petitioner has filed three amendments to the Petition, see Doc. Nos. 3-4, 10, none of which was accompanied by a motion to amend but which the Court will consider nevertheless. Petitioner's first two amendments do not raise new claims but offer additional argument in favor of the two claims raised in the Petition. The last amendment can be considered a notice of supplemental authority. Plaintiff also has filed two "motions/requests" for the Court to allow submission of newly discovered evidence, see Doc. Nos. 6-7, which the Court shall grant.

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. This Petition may be adjudicated on the record before the Court; no answer is required of Respondent.

## III. DISCUSSION

### A. Ground One

In Ground One of the Petition, Petitioner claims the State violated his right to due process when it failed to comply with N.C. Gen. Stat. § 15A–711(c) (2015). Section 15A–711 provides procedures for securing attendance at hearings and trials of criminal defendants who are incarcerated in correctional institutions within the State. Under § 15A-711(c), "[a] defendant who is confined in an institution in this State pursuant to a criminal proceeding and who has

---

(search Docket Sheets, search P18-665) (last reviewed Mar. 1, 2020).

other criminal charges pending against him" may file a written request "with the clerk of the court where the other charges are pending" to "require the prosecutor prosecuting such charges to proceed pursuant to [§ 15A–711(a)]." § 15A–711(c). The defendant also must serve the prosecutor with the request, and "[i]f the prosecutor does not proceed pursuant to [§ 15A–711](a) within six months from the date the request is filed with the clerk, the charges must be dismissed." Id. To "proceed pursuant to [§ 15A–711(a)]," the prosecutor must make a written request of the custodian of the institution where the defendant is confined for temporary release of the defendant for trial"; the temporary release may not exceed 60 days. See § 15A–711(a).

Petitioner contends that through its enactment of § 15A–711, North Carolina has created a liberty interest entitling defendants to dismissal of the relevant charges against them when the State fails to comply with § 15A–711(c). He alleges he has newly discovered evidence that the State failed to comply with § 15A–711(c) for the charges of felony obstruction of justice, Case No. 09CRS53906 ("09CRS53906"), and solicitation to commit bribery of a juror, Case No. 09CRS53907 ("09CRS53907"). Consequently, he argues, the trial court did not have jurisdiction to try him on those charges, and he had a liberty interest in having those charges dismissed.

1. **Exhaustion**

Petitioner has failed to exhaust Ground One in the state courts. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal district court. 28 U.S.C. § 2254(b)(1)(A). That is, he must provide the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented through a habeas petition in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). "A habeas petitioner satisfies

4

the exhaustion requirement by 'fairly present[ing] his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim.'" Robinson v. Thomas, 855 F.3d 278, 283 (4th Cir. 2017) (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)). "Fair presentation" requires a petitioner to show "that 'both the operative facts and the controlling legal principles [were] presented to the state court.'" Jones v. Sussex I State Prison, 591 F.3d 707, 713 (4th Cir. 2010) (quoting Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000)). Furthermore, the prisoner must present the federal claim to *all* appropriate state courts, including the highest appellate court established to review such a claim. See O'Sullivan, 526 U.S. at 845 (emphasis added).

In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement by directly appealing his conviction and/or sentence to the NCCOA and then petitioning the NCSC for discretionary review, or by filing a post-conviction MAR in the trial court and then petitioning the NCCOA for a writ of certiorari. See N.C. Gen. Stat. § 7A–31; N.C. Gen. Stat. § 15A–1422. Petitioner raised the substance of Ground One in his 2018 MAR, see MAR (Doc. No. 1 at 54-62), and he asserts that he presented the substance of Ground One in his PWC in the NCCOA.

The record before this Court shows, however, that the NCCOA dismissed Petitioner's PWC for failing to comply with North Carolina Rule of Appellate Procedure 21(c) ("N.C. R. App. P. 21(c)") see Sept. 28, 2018 Order Dismiss. PWC (Doc. No. 1 at 66),[2] and Petitioner did not then file a proper PWC. By failing to provide the NCCOA the supporting documents required by N.C. R. App. P. 21(c), Petitioner did not provide that court a fair opportunity to resolve his federal claims. Petitioner had the opportunity to file a proper PWC and to exhaust his

---

[2] Rule 21(c) of the N.C. R. of App. P. requires in relevant part that the PWC contain "certified copies of the judgment, order, or opinion or parts of the record which may be essential to an understanding of the matters set forth in the petition." Id.

federal claims because the NCCOA dismissed the PWC without prejudice.  See Sept. 28, 2018 Order Dismiss. PWC (Doc. No. 1 at 66).  Nevertheless, Petitioner instead filed a state petition for writ of habeas corpus ("PHC") in the NCCOA on October 29, 2018.  See Oct. 31, 2018 NCCOA Order on PHC, Ross, P18-665 at Dock. Entry 2.

This too failed to exhaust his federal claims.  First, a court's ruling on an MAR is appealable in a non-capital case only by way of a writ of certiorari in the NCCOA, if the time for appeal has expired and no appeal is pending.  See N.C. Gen. Stat. § 15A-1422(c)(3).  Thus, Petitioner could not appeal the trial court's denial of his MAR by way of a PHC.

Next, according to North Carolina's statutory provisions governing habeas corpus proceedings,

> [e]very person imprisoned or restrained of his liberty within this State, for any criminal or supposed criminal matter, or on any pretense whatsoever, *except* in the cases specified in [N.C. Gen. Stat. § ] 17–4, may prosecute a writ of habeas corpus, according to the provisions of this Chapter, to inquire into the cause of such imprisonment or restraint, and, if illegal, to be delivered therefrom.

N.C. Gen. Stat. § 17–3 (emphasis added).  Under § 17–4, an application for the issuance of a writ of habeas corpus "*shall*" be summarily denied "[w]here persons are committed or detained by virtue of the final order, judgment or decree of a competent tribunal of civil or criminal jurisdiction, or by virtue of an execution issued upon such final order, judgment or decree."  § 17–4(2) (emphasis added).  Thus, Petitioner could not seek a writ of habeas corpus for release from the final judgment entered on April 18, 2013 by the Superior Court of Cleveland County.  Consequently, the NCCOA summarily denied the PHC.  See Oct. 31, 2018 NCCOA Order on PHC, Ross, P18-665 at Dock. Entry 2.

In short, Petitioner did not fairly present Grounds One to the NCCOA, the highest appropriate state court.  As such, he failed to exhaust his state remedies.

6

## 2. Procedural Default

When "a habeas petitioner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred," the claims are procedurally defaulted on federal habeas review.[3] Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). A federal habeas court will not review a claim that is procedurally defaulted absent a showing of cause and prejudice to excuse the default, or that a fundamental miscarriage of justice will occur if the habeas court declines to review the claim. See Wright v. Angelone, 151 F.3d 151, 160 (4th Cir. 1998). To show cause, a petitioner must show "that some objective factor external to the defense impeded [the petitioner's or] counsel's efforts to comply with the State's procedural rule," Murray v. Carrier, 477 U.S. 478, 488 (1986), or that "the factual or legal basis for the claim was not reasonably available to the claimant at the time of the state proceeding," Roach v. Angelone, 176 F.3d 210, 222 (4th Cir. 1999). "Alternatively, [a p]etitioner may prove that failure to consider the claims will result in a fundamental miscarriage of justice." McCarver v. Lee, 221 F.3d 583, 588 (4th Cir. 2000) (citation omitted). A fundamental miscarriage of justice equates to the conviction of someone who is actually innocent.

Although he makes the argument in the context of the timeliness of his petition,[4] Petitioner argues it would be a miscarriage of justice for the Court not to consider his claim because newly discovered evidence demonstrates the State did not comply with § 15A–711(c).

---

[3] If Petitioner returned to the state courts and attempted to exhaust this claim now, it would be procedurally barred. See N.C. R. App. P. 21(c) ("In the event the petitioner unreasonably delays in filing the petition or otherwise fails to comply with a rule of procedure, the petition shall be dismissed by the court."); N.C. Gen. Stat. §§ 15A-1419(a)(2)-(3), (e).

[4] Ground One of the Petition appears to be untimely under 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner's newly discovered evidence consists of the following:

    a. A response to his June 28, 2018 letter to the Cleveland County Superior Court Clerk asking for certified copies of any writ of habeas corpus ad prosequendum for cases 09CRS53906 and 09CRS53907 between October 14, 2010 and April 13, 2011; the response states: "I do not see any papers regarding 'Habeas Corpus & Prosequendom [sic].'" June 28, 2018 Lets. to Clerk of Court (Doc. No. 1 at 29-30);

    b. A response to his March 25, 2019 NCDPS Inmate Request Form asking if the NCDPS had a record of a writ of habeas corpus ad prosequendum for case 09CRS53906 and/or case 09CRS53907 between October 14, 2010 and April 13, 2011; the response states: "There is no WRIT from that time frame on any of these charges." See Mar. 25, 2019 Inmate Req. Form (Doc. No. 6 at 5)[5]; and

    c. A May 29, 2019 response from Petitioner's prison case manager to Petitioner's March 2019 Grievance (No. 4855-2019-DPOD-10072) asking if NCDPS records show any writs for charges 08CRS4060, 08CRS4061, 09CRS53906 and 09CRS53907 issued October 14, 2010 and April 13, 2011; the response from the case manager was: "There is a WRIT for 08CRS4060 and 08CRS4061 dated 11/30/15 and 05/13/13. 08CRS4060 also has WRIT dated 08/04/14 and 07/15/13. No WRIT's [sic] at all for the other docket #'s." See Req. to Allow Newly Disc. Evid. (Doc. No. 7) at 1-2, 6.

"Actual innocence," however, requires "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). Under the limited "actual innocence" exception, "in an extraordinary case, where a constitutional violation has probably resulted in the

---

[5] Document No. 6 is Petitioner's May 28, 2019 Motion to Allow Newly Discovered Evidence.

conviction of one who is actually innocent, a federal habeas court may grant the writ [of habeas corpus] even in the absence of a showing of cause for the procedural default." Murray, 477 U.S. at 496. "In other words, a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." McQuiggin v. Perkins, 569 U.S. 383, 393 (2013). This fundamental miscarriage of justice exception is grounded on the "equitable discretion" of habeas courts to see that "federal constitutional errors do not result in the incarceration of innocent persons." Herrera v. Collins, 506 U.S. 390, 404 (1993). To make such a showing, a petitioner must demonstrate that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup v. Delo, 513 U.S. 298, 324 (1995). In order to show "actual innocence," then, the petitioner "must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." United States v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1999) (citing Sawyer v. Whitley, 505 U.S. 333, 339 (1992)); see also Bousley, 523 U.S. at 623.

Petitioner's newly discovered evidence does not show that he did not obstruct justice or that he did not solicit someone to bribe a juror. His evidence demonstrates only that the State may not have complied with his October 14, 2010 § 15A–711(c) request. In other words, Petitioner's evidence does not show he is factually innocent of the crimes of which he was convicted. Accordingly, the fundamental miscarriage of justice exception does not excuse his procedural default of Ground One.

**B.    Ground Two**

In Ground Two of the Petition, Petitioner claims his prosecution on the charge of felony

9

obstruction of justice was barred either by the double jeopardy clause or by judicial estoppel. Specifically, Petitioner contends that findings by the judge in Petitioner's 2009 trial (the case in which he attempted to bribe jurors) that the jurors in that case were not influenced by his efforts to bribe them constituted a judicial finding that Petitioner did not obstruct justice in that trial by attempting to bribe a juror, thereby rendering his 2011 trial for obstruction of justice in the 2009 trial, unconstitutional.

### 1. Exhaustion

Petitioner raised the substance of Ground Two in his January 2018 MAR and failed to exhaust this ground for relief for the same reasons he failed to exhaust Ground One. The state courts to which he would be required to present Ground Two in order to meet the exhaustion requirement would now find the claim procedurally barred. See N.C. R. App. P. 21(c) ("In the event the petitioner unreasonably delays in filing the petition or otherwise fails to comply with a rule of procedure, the petition shall be dismissed by the court."); N.C. Gen. Stat. §§ 15A-1419(a)(2)-(3). Consequently, Ground Two is procedurally defaulted on federal habeas review.

### 2. Timeliness

The AEDPA provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. See § 2244(d)(1)(A).[6] The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

---

[6] There are three alternate start dates for the statute of limitations. See § 2244(d)(1)(B)-(D). However, the facts alleged in Ground Two do not support application of one or more of those alternate dates.

10

Amended judgment in Petitioner's case was entered on April 18, 2013, when he was resentenced. On June 17, 2014, the NCCOA found no error on appeal of the amended judgment. Ross, 762 S.E.2d 531. Petitioner then had thirty-five (35) days to file a petition for discretionary review ("PDR") of the NCCOA's opinion in the NCSC. See N.C. R. App. P. 15(b) ("A petition for review following determination by the Court of Appeals shall be . . . filed and served within fifteen days after the mandate of the Court of Appeals has been issued to the trial tribunal."); N.C. R. App. P. 32(b) ("Unless a court orders otherwise, its clerk shall enter judgment and issue the mandate of the court twenty days after the written opinion of the court has been filed with the clerk."). Because he did not file a PDR, Petitioner's conviction became final on or about July 22, 2014, when the time for seeking review expired. See § 2244(d)(1)(A); Gonzalez v. Thaler, 132 S.Ct. 641, 656 (2012) ("We hold that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires.").

The federal statute of limitations then ran for 365 days until it fully expired on or about July 22, 2015, more than three years before Petitioner filed the instant § 2254 habeas Petition. Petitioner's 2018 MAR in the state courts did not restart the federal statute of limitations. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000) (recognizing that state applications for collateral review cannot revive an already expired federal limitations period). Thus, absent equitable tolling, Petitioner's habeas petition is time-barred under § 2244(d)(1)(A).

Petitioner contends he is entitled to equitable tolling of the statute of limitations because the circumstances warranting relief in Ground Two are extraordinary. See Am. § 2254 Pet. (Doc. No. 1) at 23-25. Equitable tolling of the statute of limitations is available, however, only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that

11

some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted). Petitioner has not identified or alleged any circumstance that stood in the way of his raising this claim in a timely filed § 2254 petition. Furthermore, considering that he did not file an MAR raising this claim until six and half years after his trial, Petitioner has not demonstrated that he has been diligently pursing his rights in the state courts.

### III. CONCLUSION

For the foregoing reasons, Ground One of the Amended § 2254 Petition is dismissed as procedurally defaulted, and Ground Two is dismissed as procedurally defaulted and untimely.

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DISMISSED**;

2. Petitioner's Motion to Allow Newly Discovered Evidence (Doc. No. 6) is **GRANTED**;

3. Petitioner's "Request Motion to Allow Newly Discovered Evidence" (Doc. No. 7) is **GRANTED**; and

4. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537

U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: March 3, 2020

_____
Frank D. Whitney
Chief United States District Judge